IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TED LOPEZ,

                Petitioner,

v.

LIZZIE TEGELS,

                Respondent.

OPINION and ORDER

24-cv-223-jdp

---

Petitioner Ted Lopez, proceeding without counsel, seeks relief under 28 U.S.C. § 2254 following his convictions for repeatedly sexually assaulting a child and other offenses in Dunn County Case No. 2016CF220. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Lopez is not entitled to relief. I may take judicial notice of records in Lopez's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). Lopez has filed a "mixed" petition, meaning that it contains exhausted and unexhausted claims. I will dismiss the petition without prejudice to allow Lopez to exhaust his unexhausted claims in state court. I will deny his request to stay the case and hold the unexhausted claims in abeyance while he completes that task.

BACKGROUND

This background is largely drawn from the state court of appeals' decision affirming Lopez's conviction on direct appeal. *State v. Lopez*, 2023 WI App 11 (table), 986 N.W.2d 563.

In June 2016, a 13-year-old child, whom the court gave the pseudonym "Daniel," told a social worker that Lopez had sexually assaulted him at least 20 times when Daniel was

between six and seven years old. *Id.* ¶ 2. Based on Daniel's allegations, the state charged Lopez with a single count of repeated sexual assault of the same child. *Id.* Ultimately, the state charged Lopez with five other offenses: causing mental harm to a child; first-degree sexual assault of a child (sexual intercourse with a person under age twelve); exposing a child to harmful material; and two counts of child enticement. *Id.*

The jury convicted Lopez on all six counts. *Id.* ¶ 15. The circuit court sentenced Lopez to 36 years of initial confinement followed by 17 years of extended supervision. Dkt. 1 at 1.

On appeal, Lopez challenged several of the circuit court's evidentiary rulings. *See Lopez*, 2023 WI App 11, ¶ 1. The state court of appeals rejected Lopez's arguments and affirmed. *Id.*

On April 18, 2023, the state supreme court denied review. *State v. Lopez*, 2023 WI 72. Lopez didn't seek review in the U.S. Supreme Court.

Lopez's federal petition is deemed filed on March 26, 2024, applying the prison mailbox rule. *See* Dkt. 1 at 15. Lopez brings the same four claims that he raised in his direct appeal. *See id.* at 5–10; Dkt. 2. Lopez also asserts several unexhausted claims, including ineffective assistance of appellate counsel.

Lopez asks to stay this case and hold his unexhausted claims in abeyance. Dkt. 4.

ANALYSIS

Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). To exhaust his federal claims in state court, Lopez must assert them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *See Wilson*, 58 F.4th at 319. This means

2

that Lopez must raise his federal claims at each level of the Wisconsin court system, including any level at which review is discretionary instead of mandatory. *See id.*

Ordinarily, when a habeas petition contains exhausted and unexhausted claims, the court must dismiss it, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Courts have discretion to stay the case and hold the unexhausted claims in abeyance while a petitioner returns to state court to exhaust them. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

Lopez hasn't shown good cause for his failure to exhaust the unexhausted claims. Lopez alleges that he didn't receive the files and transcripts that led to the discovery of his unexhausted claims until late October 2023. Dkt. 4 at 1. Lopez does not specify when he requested the transcripts, but the docket sheet in his criminal case indicates that he made that request on September 11, 2023. The state supreme denied review on April 18, 2023, and Lopez hasn't explained what steps, if any, he took to investigate potential claims for that nearly five-month period. Lopez alleges that he had limited law library access, Dkt. 4 at 1, but requesting transcripts is a simple task that doesn't require law library access.

Nor has Lopez explained why he didn't immediately file a postconviction motion in late autumn 2023, when he discovered his unexhausted claims. That would have stayed the one-year statute of limitations for his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A), (2). Rather, Lopez waited until late March 2024, then filed a federal petition. Lopez might have

mistakenly thought that filing a federal petition would stay the statute of limitations, or that he was entitled to a *Rhines* stay. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (filing a federal habeas petition doesn't toll § 2244(d)(1)'s statute of limitations); *cf. Rhines*, 544 U.S. at 277 (stating that a "stay and abeyance should be available only in *limited* circumstances" (emphasis added)). But a prisoner's lack of legal knowledge or legal mistake doesn't show good cause for purposes of a *Rhines* stay. *See Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017).

Ordinarily, I would give Lopez the choice of "returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510. But dismissing the entire petition without prejudice without further input from Lopez is the best course of action here.

Inviting further input from Lopez could create a time bar. The state court of appeals denied review on April 18, 2023. Thus, Lopez's judgment of conviction became final for purposes of the statute of limitations on July 17, 2023. *Reed v. Buesgen*, No. 23-cv-0965, 2024 WL 1619357, at *2 (E.D. Wis. Apr. 15, 2024). The one-year statute of limitations will expire one year from that date on July 17, 2024. Approximately one month is left in the limitation period. Lopez needs to immediately pursue his unexhausted claims in state court to toll the statute of limitations; the filing of his federal petition does not have that effect. *See* 28 U.S.C. 2244(d)(2); *Duncan*, 533 U.S. at 181–82.

Furthermore, Lopez has made clear that he wants to pursue both his exhausted and unexhausted claims. But I question whether he will ultimately prevail on his exhausted claims. *See, e.g., Haas v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990) ("[S]tate court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a

writ for habeas corpus."). In addition to creating a time bar, giving Lopez the option of filing a federal petition containing only his exhausted claims could prove useless.

Lopez worries that failure to stay the case and hold his unexhausted claims in abeyance will result in a future petition being subject to the bar on second or successive petitions. Dkt. 4 at 1. But, because I am dismissing the petition without prejudice pursuant to *Rose*, this bar would not apply. *Slack v. McDaniel*, 529 U.S. 473, 488 (2000).

In sum, I will dismiss the petition without prejudice. Lopez is cautioned that only about a month is left in the one-year limitation period for federal petitions. Thus, he should immediately seek to file a proper postconviction motion in the appropriate state court. Because the court's role is that of neutral decisionmaker and not his advocate, I cannot advise him on how to complete that task.

Because Lopez seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Lopez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Lopez must demonstrate that reasonable jurists would debate whether my procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Lopez hasn't made this showing, I will deny a certificate of appealability. Lopez may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. But Lopez is cautioned that seeking review of my decision in court of appeals will not toll the statute of limitations.

ORDER

IT IS ORDERED that:

1. Petitioner Ted Lopez's habeas petition, Dkt. 1, is DISMISSED without prejudice pursuant to *Rose v. Lundy*.

2. Petitioner's motion to stay and hold in abeyance, Dkt. 4, is DENIED.

3. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered June 20, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge